UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

SEAN PROVENCHER,

               Petitioner,

     vs.

JEFF McKOY,[1] Superintendent, Hudson Correctional Facility,

               Respondent.

No. 9:07-cv-00658-JKS

MEMORANDUM DECISION

     Petitioner Sean Provencher, a state prisoner proceeding *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Provencher is currently in the custody of the New York Department of Correctional Services, incarcerated at the Hudson Correctional Facility. Respondent has answered, and Provencher has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

     Following the entry of a guilty plea on February 1, 2006, Provencher was convicted in the Albany County Court of one count of Attempted Criminal Possession of Stolen Property in the Third Degree (N.Y. Penal Law §§ 110/165.50). Pursuant to his guilty plea, on April 6, 2006, the Albany County Court sentenced Provencher to an indeterminate prison term of one to three years. On April 5, 2006, Provencher entered a guilty plea in the Brunswick Justice Court to one count of Petit Larceny (N.Y. Penal Law § 155.25) arising out of the theft in Rensselaer County of the same vehicle he was attempting to possess in Albany County. Provencher did not appeal from

---

[1] Jeff McKoy, Superintendent, Hudson Correctional Facility, is substituted for Paul W. Annetts, Superintendent, Downstate Correctional Facility. Fed. R. Civ. P. 25(d).

the convictions. On October 27, 2006, Provencher, appearing *pro se*, filed a motion to vacate the conviction and sentence under N.Y. Criminal Procedure Law § 440.10 in the New York Supreme Court, Albany County, which denied the motion in a reasoned decision.[2] The Appellate Division, Third Department denied leave to appeal on February 16, 2007.[3] Provencher, appearing through counsel, then filed a motion to set aside the sentence under N.Y. Criminal Procedure Law § 440.20 in the New York Supreme Court, Albany County, on June 26, 2007, which denied the motion in a reasoned decision on August 8, 2007.[4] Provencher did not seek leave from the Appellate Division to appeal the decision of the Albany County Supreme Court. Provencher timely filed his petition for relief in this Court on June 14, 2007.

## II. GROUNDS RAISED/DEFENSES

Provencher raises four grounds for relief in his amended petition: (1) his conviction was obtained by a coerced plea; (2) the prosecution failed to disclose favorable information; (3) his conviction in both Albany and Rensselaer Counties constituted a double jeopardy violation; and (4) he was improperly indicted by the grand jury.[5] Respondent contends that all of Provencher's claims are unexhausted and procedurally barred. Respondent raises no other affirmative defense.[6]

---

[2] Docket No. 40-2.

[3] Docket No. 40-3.

[4] Docket No. 40-8.

[5] Because of the way the petition is drafted, it is difficult to definitively determine whether Provencher's first and second grounds are but a single ground or two separate grounds.

[6] Rules—Section 2254 Cases, Rule 5(b).

III.  STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Consequently, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[7]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[8]  The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[9]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[10]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[11]  The Supreme

---

[7] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[8] *Williams*, 529 U.S. at 412.

[9] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[10] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

[11] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[12]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[13]  Petitioner "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[14]

In applying this standard, this Court reviews the last reasoned decision by the state court.[15]  In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[16]

Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues *de novo* on the record before it.[17]  In so doing, because it is not clear that it did not so do, the Court assumes that the state court decided the claim on the merits and

---

[12] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[13] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[14] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

[15] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[16] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[17] *See Dolphy v. Mantello*, 552 F.3d 236, 239–40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530–31 (2003) (applying a *de novo* standard to a federal claim not reached by the state court).

the decision rested on federal grounds.[18]  This Court gives the assumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[19]

To the extent that the petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[20]  A federal court must accept that state courts correctly applied state laws.[21]  A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[22]  A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[23]

## IV.  DISCUSSION

Because Provencher was convicted upon a guilty plea, this Court must first examine the effect of the guilty plea.  With respect to guilty pleas the Supreme Court has held:

---

[18] *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *see Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris–Coleman* interplay); *see also Fama v. Comm'r of Correctional Svcs.*, 235 F.3d 804, 810–11 (2d Cir. 2000) (same).

[19] *Jimenez*, 458 F.3d at 145–46.

[20] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[21] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[22] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[23] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.[24]

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"[25]

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.[26]

Provencher faces a high hurdle in seeking to overturn a guilty plea on collateral review. As the Supreme Court has held:

> It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange. It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired. *In Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), we stated the applicable standard:

---

[24] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[25] *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

[26] *United States v. Broce*, 488 U.S. 563, 569 (1989).

> "'[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'"[27]

Twenty years later the Supreme Court explained:

> This Court recently explained, in reversing a lower court determination that a guilty plea was not voluntary: "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances-even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (emphasis in original). We similarly observed in *Patterson:* "If [the defendant] . . . lacked a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the State's showing that the information it provided to him satisfied the constitutional minimum." 487 U.S., at 294, 108 S.Ct. 2389 (internal quotation marks omitted).[28]

In his petition to this Court, Provencher does not raise the issue of ineffective assistance of counsel. Although the amended petition is replete with accusations of prosecutorial misconduct, it is devoid of any factual allegations that might remotely support a claim of ineffective assistance of counsel. Provencher did, however, raise the issue of ineffective assistance of counsel in his first § 440.10 motion in the Albany County Supreme Court. That court, in denying his motion held:

> Defendant's conclusory claim of ineffective assistance of counsel based upon some purported fabrication of a non-existent arrest should be and the same is hereby denied without a hearing as defendant has failed to allege or demonstrate any credible evidence that would warrant a hearing (see, People v. Medina, 262 AD2d 708 [3rd Dept. 1999]; People v. Loomis, 256 AD2d 808 [3rd Dept. 1998]). Defendant's plea allocution indicates that defendant was "very" satisfied with his

---

[27] *Mabry v. Johnson*, 467 U.S. 504, 508–09 (1984).

[28] *Iowa v Tovar*, 541 U.S. 77, 92 (2004).

> attorney, Paul Edwards, Esq.  Additionally, the Court notes that defendant's legal counsel negotiated an advantageous plea bargain to a class E felony with a sentencing commitment to make the agreed upon sentence herein <u>concurrent</u> with any sentence he received in Rensselaer County.  This Court concludes that defendant received meaningful assistance of counsel and that the constitutional requirements have been met (see, <u>People v. Baldi</u>, 54 NY2d 137 [1981]).[29]

Provencher does not even indirectly or obliquely challenge that holding of the Albany County Supreme Court.  Accordingly, it must stand.  It is through this lens that this Court must examine the grounds raised in Provencher's petition.

<u>Ground 1:  Coerced Plea</u> and

<u>Ground 2:  Failure of the Prosecution to Disclose Favorable Information</u>.

Because the first and second grounds are entangled, it is necessary to discuss them together.  In his first ground, Provencher argues that his plea was obtained by coercion, misfeasance and fraud on the part of the prosecution, including the concealment or withholding of exculpatory evidence by the prosecutor.[30]  In his second ground, Provencher asserts, as a separate ground, the withholding of exculpatory evidence by the prosecution.  This Court may not consider claims that have not been fairly presented to the state courts.[31]  Neither claim was presented to the state courts in his post-conviction motions and are, therefore, unexhausted.  Consequently, with respect to these two grounds, the Petition must be dismissed.[32]

---

[29] Docket No. 40-2, pp. 3–4 (emphasis in the original).

[30] Provencher also contends that because there was only one arrest and one offense he was convicted twice for the same crime.  This point is discussed below as part of the discussion on the third ground, double jeopardy.

[31] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[32] *See Rhines v. Weber*, 544 U.S. 269, 275–78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Even if this Court were to reach the merits on these claims, Provencher would not prevail. The Supreme Court has held that "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."[33] Indeed, the Supreme Court has instructed that, with regard to voluntariness, a guilty plea "must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)."[34]

At the plea colloquy, Provencher stated under oath that he was entering a guilty plea freely and voluntarily, understood the charges against him, had discussed the case with his attorney, and admitted the factual basis for the charges.[35]

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.[36]

Provencher alleges no unkept promises or threats by the prosecutor. Provencher alleges that in some way the prosecutor made multiple misrepresentations of fact, or omitted or hid facts. Specifically, Provencher alleges misrepresentations as to the number of arrests, offenses committed, that the dealership from whom the vehicle was allegedly stolen gave Provencher the

---

[33] *Machibroda v. United States*, 368 U.S. 487, 493 (1962).

[34] *Brady v. United States,* 397 U.S. 742, 755 (1970).

[35] Docket No. 40-9, pp. 8–10.

[36] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (citing *Marichoba*, 368 U.S. at 495–96).

key to the vehicle, and that the prior felony had been reduced to a misdemeanor, and Provencher sentenced to time served. To whom the prosecution made these alleged misrepresentations is unclear, but presumably they were made to the court or the grand jury that indicted Provencher. How these misrepresentations, even if they occurred, coerced Provencher into entering a guilty plea is unexplained. Nor has Provencher explained how these "facts," which were presumptively within his knowledge, were not disclosed to him. In short, Provencher has not established a sufficient factual basis to overcome the presumption that he entered his guilty plea freely and voluntarily. Provencher is not entitled to relief under his first or second grounds.

Ground 3:  Double Jeopardy violation.

Provencher argues that, through the deception of the prosecutor, he was convicted twice for the same crime. Provencher attempted to raise this argument in his first post-conviction motion under § 440.10. The Albany County Supreme Court rejected Provencher's argument, holding:

> The totality of the purported facts in support of defendant's motion within defendant's affidavit are: "On 4/05/06 Brunswick court reduced the accusatory offense to a misdermeanor [*sic*] 6mths time served (drove w/o permission.) The public defender fabricated a non-existent 3/31/05 watervliet [*sic*] arrest that doesnt [*sic*] exist/fed it to the D/A forced to guilty plea."
>
> This Court determines that defendant's sworn allegations are insufficient for any meaningful review. Defendant's affidavit does not contain sworn allegations substantiating or tending to substantiate all the essential facts to support any grounds for vacating his judgment of conviction (see, CPL § 440.30(a) & (b )). Defendant does not provide any facts relating to what "accusatory offense" [instrument] was reduced in Brunswick Town Court **or** how such offense relates to his judgment of conviction. Notably, whatever occurred in Brunswick Town Court (Rensselaer County) on April 5, 2006, was well after

defendant's plea of guilty to the instant offense on February 1, 2006 (Albany County).[37]

Provencher also raised the issue in his second post-conviction motion under § 440.20.

The Albany County Supreme Court in denying that motion, held:

> The defendant herein was convicted in Supreme Court, Albany County of Attempted Criminal Possession of Stolen Property in the Third Degree, to wit: possession of a truck which he had allegedly stolen in Rensselaer County.
>
> "Cycle 5" of the "Repository Inquiry" relating to the defendant (Defendant's Exhibit A), states that on April 5, 2006 the defendant's charge of Grand Larceny in the Third Degree, a class D felony, in the Brunswick Town Court, County of Rensselaer was reduced to Petit Larceny, a class A misdemeanor, upon defendant's plea of guilty to the reduced charge. On April 5, 2006, the defendant was also sentenced to a 6 month definite sentence of imprisonment.
>
> "Cycle 3" of the "Repository Inquiry" (Defendant Exhibit A) indicates that on June 24, 2005, the defendant was arraigned upon an Indictment in Albany County Court charging him with Criminal Possession of Stolen Property in the Third Degree, a class D felony, and Criminal Possession of Stolen Property in the Fourth Degree, a class E felony. "Cycle 3" of the "Repository Inquiry" further indicates the Albany County charges were resolved by defendant's plea of guilty to Attempted Criminal Possession of Stolen Property in the Third Degree, a class E felony, on April 6, 2006. However, this Court's own records and the defendant's Certificate of Conviction establish that the defendant's plea of guilty in Supreme Court, Albany County was made and accepted on February1, 2006. On April 6, 2006, the defendant was sentenced in accordance with the plea agreement to an indeterminate sentence of imprisonment of 1 to 3 years.
>
> While defendant's motion would have some merit if the information contained in the "Repository Inquiry" relating to the defendant were accurate, this Court must hold and determine that defendant's plea of guilty in Supreme Court, Albany County on February 1, 2006 terminated the Supreme Court, Albany County prosecution for double jeopardy purposes prior to the termination of the Town of Brunswick, County of Rensselaer prosecution on April 5, 2006. Accordingly, defendant's motion to set aside his sentence and vacate his conviction for Attempted Criminal Possession of Stolen Property in the Third Degree in Supreme Court, Albany County should be and the same is hereby

---

[37] Docket 40-2, p. 3.

11

denied. At the time of defendant's plea of guilty in Supreme Court, Albany County on February 1, 2006, the defendant had <u>not</u> been previously prosecuted in Rensselaer County for purposes of double jeopardy (CPL § 40.30(1 )(a); see, <u>People v. Ruise</u>, 248 AD2d 749 [3rd Dept. 1998], lv. den. 92 NY2d 860 [1998]).[38]

By entering a guilty plea, Provencher waived the double jeopardy defense.[39] Consequently, Provencher's third ground does not present a federal constitutional issue cognizable in a federal habeas proceeding.

<u>Ground 4: Improper Grand Jury Indictment</u>.

Provencher contends that the prosecutor withheld evidence from the grand jury and he was not permitted to appear before the grand jury as provided under New York law. Therefore, Provencher argues the indictment was defective. This claim was not presented to the state courts in either of his post-conviction motions. Therefore, Provencher has not exhausted his state court remedies as to this claim, and it must be dismissed.[40]

Even if this Court were to reach the merits on this claim, Provencher would not prevail. The Fifth Amendment right to a grand jury indictment has not been incorporated against the states through the Fourteenth Amendment.[41] Consequently, an infirmity in state grand jury procedures in criminal prosecutions does not, itself, raise any federal constitutional issue. Any infirmity in state criminal grand jury proceedings, standing alone without some other constitutional infirmity, is a product of state law beyond the purview of this Court in a federal

---

[38] Docket 40-8, pp. 3–4 (emphasis in the original).

[39] *Broce*, 488 U.S. at 571–72.

[40] *See Rhines*; *Engle*; *Rose*.

[41] *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972) (citing *Hurtado v. California*, 110 U.S. 516, 534–35 (1884)).

habeas proceeding.[42]  Provencher, having failed to present a federal constitutional issue cognizable in a federal habeas proceeding is not entitled to relief under his fourth ground.

V.  CONCLUSION AND ORDER

Provencher is not entitled to relief on any ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[43]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  January 22, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[42] *See Beck v. Washington*, 369 U.S. 541, 545–46 (1962) (discussing state criminal charging procedures).

[43] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).